By the Court.
Sedgwick, Ch. J. The action was for damages for breach of a covenant of warranty. The supposed breach was a constructive eviction of plaintiff *228 by the owner as claimed by plaintiff, of a life estate in a twenty-fourth part of the fee. There was no actual eviction. The plaintiff went into possession after the conveyance to her, and remained in possession down to this action. There was therefore no actual eviction, there being no actual disturbance of possession. If however, to maintain her possession, it was necessary to quiet the outstanding title, and she was obliged to buy it in, she could recover from the covenantor the amount she was obliged to pay, if she could also prove that the outstanding title was valid and could be enforced by legal ejectment. The measure of damages is compensation. The amount that she was obliged to pay would be the amount of the recovery, not exceeding however, the° value of the title ascertained by the technical rule on the subject.
In the present case it appeared that an action of ejectment against the plaintiff by the person claiming to be the owner, had resulted in a judgment against the present plaintiff, for the recovery of the premises of said one twenty-fourth part and for $227.10 damages for withholding the possession, and $234.18 costs. She satisfied the judgment for costs, and the owner made a deed to the plaintiff, releasing to the latter all the former’s interest. This deed recited a consideration of $800. There was however, no proof of what was in fact paid by the plaintiff. The plaintiff recovered an amount greater than the sum of the judgment for costs in ejectment and the consideration named in the release. The recovery was based upon a calculation of the value of the undivided interest, the value of the land being taken at the amount of the consideration of the deed made by the defendant. Any question as to the method of calculation is immaterial to this appeal when the result shows that, at all events, it was a larger amount than the plaintiff was entitled to recover, inasmuch as it was greater than the plaintiff was obliged to pay, to buy in the outstanding title. There remains to be said, that *229 the defendant was not correct in his claim, that the value of the land was to be deemed the amount of consideration recited in the deed to plaintiff, that is, $1. The warrantor is liable according to the value of the land at the time of the warranty, which is conclusively fixed at the amount of the consideration of the sale. Rawle on Cov., 243; Sedgwick om Dam., 5th Ed., 168, and the cases cited in these books from the state of New York. Evidently the warrantor should at least return such part of the consideration as he appropriated, as represents the value of the land to which he gave no title.
My opinion is that the recital of the consideration of $800 in the release to plaintiff was not proof against this defendant that that amount was paid. It is not absolutely necessary to determine that proof of the satisfaction of the judgment in ejectment for the costs, was not proof that the amount of the judgment had been paid, yet it is proper to say that on another trial it will be expedient to show what was paid for the satisfaction.
The result of what has been said is, that there should be a new trial. There were other important questions on the trial which should have attention now, if the case clearly presented the means of answering them. The real title of the plaintiff in the former ejectment action, was of first importance. No original proof as to this was given. The judgment in ejectment was not evidence for this purpose in this case, although it was relevant as to the fact of a constructive conviction. When it was offered in evidence the defendant objected that he, not being a party to it, was not bound by it, and it was only admitted as evidence after the plaintiff disclaimed that the defendant was bound by it.
It is supposed by counsel for plaintiff, that a judgment in partition, under which the defendant bought the premises, was an adjudication against him, that a conveyance, apparently in fee, through which he claimed the title, was in fact a mortgage. The judgment roll was probably put in evidence. The findings embrace a doubt *230 ful kind of declaration that by agreement between some of the parties to the partition the conveyance referred to was a mortgage. But the condensed description of the judgment makes no reference ‘to the result of their agreement. Mere findings or verdict, without judgment upon them, do not make an adjudication. As the case is made up, there is no judgment in the partition action that the conveyance was a mortgage. If, in fact, the judgment made some disposition of this, a case should show it.
The plaintiff takes an appeal on the ground that the learned judge directed the verdict for the plaintiff to be in an amount less than it should be. What has already been said, indicates that the amount was in excess of the plaintiff’s right of recovery.
On the plaintiff’s appeal the judgment is affirmed with costs. On the defendant’s appeal the judgment is reversed, and a new trial ordered, with costs to abide the event.
Truax and O’Gorman, JJ., concurred. .